947 F.2d 1403
 In re AL ZUNI TRADING, INC., Debtor.
John R. McKEE, as Personal Representative of the Estate of
Thomas N. McKee, deceased, Appellant,
v.
Jack G. PENICK, as Trustee for Al Zuni Trading, Inc., an
Arizona corporation, Appellee.
 No. 90-16064.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Oct. 8, 1991*.
Decided Oct. 31, 1991.
 
 Nick Rayes, Phoenix, Ariz., for appellant.
 Michael W. Carmel, Phoenix, Ariz., for appellee.
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel.
 Before PREGERSON, FERGUSON and O'SCANNLAIN, Circuit Judges.
 O'SCANNLAIN, Circuit Judge:
 
 
 1
 McKee appeals an order of the Bankruptcy Appellate Panel ("BAP") affirming the grant of summary judgment against him by the bankruptcy court. We affirm.
 
 
 2
 * On April 25, 1985, the debtor, Al Zuni Trading, Inc. ("Al Zuni") purchased a one million dollar life insurance policy on the life of Thomas McKee, then an officer of Al Zuni and the holder of twenty percent of its stock. On July 1, 1985, Thomas McKee sold his interest in Al Zuni to the corporation, and resigned his position as an officer. Thomas McKee died two years later. The insurance company paid the proceeds of the policy to Penick, the trustee in bankruptcy of Al Zuni.
 
 
 3
 John McKee ("McKee"), as personal representative of the estate of Thomas McKee, brought an adversary proceeding in the bankruptcy court, contending that the life insurance proceeds properly belong to the estate of Thomas McKee. The bankruptcy court granted summary judgment against McKee, and the BAP affirmed. McKee timely appealed.
 
 II
 
 4
 As a preliminary matter, we reject Penick's contention that McKee lacks standing to raise his claim that Al Zuni had no insurable interest in the life of Thomas McKee. Although the general rule is that "[o]nly the insurer can raise the objection of want of an insurable interest," 3 George Couch et al., Couch on Insurance 2d § 24:6, at 22 (rev. ed. 1984), Arizona has modified this rule by statute. Under Arizona law, if the beneficiary receives payment under a policy issued in the absence of an insurable interest, "the individual insured or his executor or administrator, as the case may be, may maintain an action to recover such benefits from the person so receiving them." Ariz.Rev.Stat.Ann. § 20-1104(B) (1990).
 
 
 5
 However, McKee's claim fails on the merits. McKee admits that, when the policy in question was issued, Thomas McKee was an officer and major stockholder of Al Zuni. Complaint at pp V, VI. "A corporation has an insurable interest in the lives of its officers, its key employees, and [its] principal stockholders...." 3 Couch, supra, § 24:148, at 245-46. McKee does not challenge this rule.
 
 
 6
 The fact that Thomas McKee left Al Zuni prior to his death does not affect the trustee's claim to the insurance proceeds.[T]he almost universal rule of law in this country is that if the insurable interest requirement is satisfied at the time the policy is issued, the proceeds of the policy must be paid upon the death of the life insured without regard to whether the beneficiary has an insurable interest at the time of death.
 
 
 7
 Secor v. Pioneer Foundry Co., 20 Mich.App. 30, 34-35, 173 N.W.2d 780, 782 (1970) (footnote omitted). See also 3 Couch, supra §§ 24:123, 24:149, and cases cited therein. Arizona apparently follows this rule, providing by statute that:
 
 
 8
 [N]o person shall procure or cause to be procured any insurance contract upon the life or body of another individual unless the benefits under such contract are payable ... to a person having, at the time when the contract was made, an insurable interest in the individual insured.
 
 
 9
 Ariz.Rev.Stat.Ann. § 20-1104(A) (1990) (emphasis added). Construing a virtually identical statutory provision, the Second Circuit recently held that, where a valid insurable interest exists when the policy is issued, subsequent cessation of that insurable interest does not void the policy. Herman v. Provident Mut. Life Ins., 886 F.2d 529, 533-34 (2d Cir.1989). We agree that such is the clear import of the statute.
 
 
 10
 McKee contends that nonetheless Al Zuni is not entitled to the proceeds because its insurable interest was merely "colorable or temporary," and amounted to a deliberate attempt to evade the requirement of an insurable interest. See Connecticut Mut. Life Ins. v. Schaefer, 94 U.S. 457, 461, 24 L.Ed. 251 (1876) ("We do not hesitate to say, however, that a policy taken out in good faith, and valid at its inception, is not avoided by the cessation of the insurable interest, unless such be the necessary effect of the provisions of the policy itself. Of course, a colorable or merely temporary interest would present circumstances from which want of good faith and an intent to evade the rule might be inferred.").
 
 
 11
 However, McKee has presented no evidence raising a genuine issue of material fact as to Al Zuni's good faith or the validity of its interest at the time the policy was issued. The mere fact that the insured terminated his connection with the beneficiary company shortly after the policy was issued is not sufficient to invalidate the policy. See Trent v. Parker, 591 S.W.2d 769, 771 (Tenn.App.1979). Although McKee alleges that Thomas McKee and the other Al Zuni shareholders contemplated a buy/sell agreement funded by insurance in 1983, he has failed to explain the relevance of that alleged 1983 contemplation to the good faith of the 1985 insurance purchase.
 
 
 12
 Because McKee has raised no genuine issue of material fact, and because the BAP correctly applied the relevant substantive law, its judgment is
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)